IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THE CLOSING AGENCY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GODADDY.COM, LLC, INKY TECHNOLOGY CORPORATION, and MICROSOFT CORPORATION,<br><br>Defendants. | Civil Action: |

**DEFENDANT GODADDY.COM, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GoDaddy.com, LLC ("GoDaddy"), by and through undersigned counsel, hereby gives notice of the removal of this action from the Circuit Court of Tallapoosa County, Alabama, where it is pending as Case No. 70-CV-2026-900093.00, to the United States District Court for the Middle District of Alabama. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this case satisfies the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, GoDaddy avers as follows:

**THE STATE COURT ACTION**

1. The Plaintiff The Closing Agency ("TCA") brought a civil action against GoDaddy, which is pending in the Circuit Court of Tallapoosa County, Alabama. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders served upon" GoDaddy, including Plaintiff's (1) Summons, (2) Complaint, and (3) Proof of Service, are attached to this Notice of Removal as **Exhibits A-C.**

2. True and correct copies of TCA's Summons and Complaint are attached hereto as **Exhibits A and B**.

3. TCA allegedly served GoDaddy with the Summons and Complaint August 27, 2026.

4. In its Complaint, TCA alleges that it "purchased Microsoft 365 email services, related security products, and email hosting from GoDaddy. These products are governed by GoDaddy's Microsoft 365 Terms of Use, which incorporate by reference GoDaddy's Universal Terms of Service." *See* Ex. B ¶ 8. TCA further alleges that a third party "created a rule within TCA's email server [so] that any incoming email containing the words 'wire' or 'payoff' [would] be marked as read and diverted to a folder labeled 'Conversation History.'" *Id.* ¶ 18. TCA claims that the third party then "intercepted the diverted emails, altered them, and re-sent them." *Id.*

5. According to the Complaint, the "fraudster manipulated the payoff wiring instructions contained in the payoff statements transmitted to TCA, substituting account and routing information for an account the fraudster controlled in place of the payoff servicer's account." *Id.* ¶ 20. As a result, TCA allegedly wired funds in connection with three transactions to an unauthorized recipient. *Id.* ¶ 22.

6. The total amount disbursed in those transactions was $1,291,640.86. *Id*. ¶ 23. Plaintiff alleges that it subsequently recovered approximately $306,359. *Id*. ¶ 24. TCA sets forth claims for Negligence and Breach of contract, and alleges that defendants are responsible for its losses. *See* Ex. B at 7-10.

7. Plaintiff seeks in excess of $900,000 in damages. *See id.* ¶¶ 23-24.

## DIVERSITY JURISDICTION

8. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

9. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

10. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c).

11. GoDaddy is a Delaware limited liability company with its principal place of business in Arizona, at 100 S. Mill Ave, Tempe, AZ 85281. The citizenship of a limited liability company is determined by the citizenship of its members. *See GDForefront, L.P. v. Forefront Management Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). GoDaddy.com, LLC is a wholly-owned subsidiary of Go Daddy Operating Company, LLC. Go Daddy Operating Company, LLC is a wholly-owned subsidiary of Desert Newco, LLC. Desert Newco, LLC's sole member is GoDaddy Inc. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c). GoDaddy Inc. is a Delaware corporation with its principal place of business in Arizona, at 100 S. Mill Ave, Tempe, AZ 85281. Therefore, for diversity of citizenship purposes, GoDaddy.com, LLC is a citizen of the states of Delaware and Arizona.[1]

12. On information and belief, Defendant Microsoft Corporation is organized under the laws of the State of Washington, with its principal place of business in Redmond, Washington. *See* Ex. B, ¶ 4.

---

[1] For completeness, Go Daddy Operating Company, LLC and Desert Newco, LLC are Delaware limited liability companies with a principal place of business in Arizona, at 100 S. Mill Ave, Tempe, AZ 85281.

13. Plaintiff alleges it is "is a limited liability company organized under the laws of the State of Alabama, with its principal place of business in Tallapoosa County, Alabama. *See* Ex. B at 1, ¶ 1. Therefore, for purposes of diversity of citizenship, TCA is a citizen of Alabama.

14. Plaintiff alleges that Defendant Inky Technology Corporation ("Inky") is organized under the laws of the State of Delaware. On information and belief, Inky is a citizen of Delaware.

15. Complete diversity exists because GoDaddy is a citizen of Delaware and Arizona, Inky is a citizen of Delaware, and TCA is a citizen of the state of Alabama while Microsoft is a Citizen of Washington.

16. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a), as TCA alleges that it is seeking damages in excess of $900,000, which is an amount greater than $75,000. *See* Ex. A ¶¶ 23-24.

17. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**REMOVAL JURISDICTION**

18. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

19. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *Id.* § 1441(b).

20. TCA filed this action in the Circuit Court of Tallapoosa County, Alabama. The United States District Court for the Middle District of Alabama is the federal judicial district

embracing Tallapoosa County, the place where the state action was brought, and, therefore, is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

21. Under Section 1446(b), the notice of removal shall be filed within thirty days after service of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b).

22. TCA served GoDaddy with the Complaint on August 27, 2026. *See* Ex. C. The last day of the time period for removal—within thirty (30) days of service of the Complaint pursuant to 28 U.S.C. § 1446(c)—falls on September 26, 2024, which is a weekend. Rule 6(a) of the Federal Rules of Civil Procedure states that when the last day of a specified time period falls on a weekend or legal holiday, the party has until the end of the following business day to file. *See* Fed. R. Civ. P. 6(a).

23. Therefore, this removal is timely because GoDaddy filed the Notice of Removal on or before the following business day, Monday, September 28, 2026. *See Hardy v. Ruffin*, No. 2:18-CV-01477-KOB, 2018 WL 7286499, at *1 (N.D. Ala. Dec. 6, 2018).

24. Microsoft Corporation and Inky, the only other Defendants named in this action, provided consent to removal pursuant to Section 1446(b)(2)(A).

25. Additionally, GoDaddy is filing a copy of this petition for removal with the Clerk of the Circuit Court of Tallapoosa County. *See* 28 U.S.C. § 1446(d).

## NON-WAIVER OF DEFENSES

26. By removing this action from the Circuit Court of Tallapoosa County, GoDaddy does not waive any defenses available to it.

27. By removing this action from the Circuit Court of Tallapoosa County, GoDaddy does not admit any of the allegations in TCA's Complaint.

28. WHEREFORE, GoDaddy hereby removes this action now pending against it in the Circuit Court of Tallapoosa County to the United States District Court for the Middle District of Alabama.

Respectfully submitted,

Dated: September 25, 2026

By: *s/ David Terry*
DAVID TERRY
dterry@cozen.com

**COZEN O'CONNOR**
1230 Peachtree Street, NE, Suite 400
Atlanta, GA 30309
Tel: (404) 572-2130
(404) 572-2199

*Attorneys for Defendant GoDaddy.com, LLC,*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 22, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on all parties of record, and further caused a copy of the foregoing document to be served on the following parties via US mail with a courtesy copy via electronic mail:

Thomas L. Oliver III
Bradley Arant Boult Cummings LLP
One Federal Place | 1819 Fifth Avenue North
Birmingham, AL 35203

Thomas R. Andersen
Bradley Arant Boult Cummings LLP
One Federal Place | 1819 Fifth Avenue North
Birmingham, AL 35203

Email: toliver@bradley.com
Email: tandersen@bradley.com

*Counsel for Plaintiff The Closing Agency, LLC*

James Howard
Jennifer Pincus
Davis Wright Tremaine LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104

Email: jimhoward@dwt.com
Email: jenpincus@dwt.com

*Counsel for Defendant Microsoft Corporation*

C. Francesca Corallo
Kaseya
333 SE 2nd Avenue, 35th Floor
Miami, FL 33131

Email: francesca.corallo@kaseya.com

*Counsel for Defendant Inky Technology Corporation*

*s/ David Terry*
DAVID TERRY