IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THE CLOSING AGENCY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cv-753-JTA |
| | ) | (WO) |
| GODADDY.COM, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the notice of removal filed by Defendant GoDaddy.com, LLC. (Doc. No. 1.) Defendant GoDaddy.com removed this action based on diversity jurisdiction,[1] but the notice of removal fails to establish the existence of complete diversity. Defendant GoDaddy.com expressly acknowledges in the notice of removal that "[t]he citizenship of a limited liability company is determined by the citizenship of its members." (Doc. No. 1 at 4 (citing *GDForefront, L.P. v. Forefront Management Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).[2]) Yet Defendant GoDaddy.com fails to plead its own or Plaintiff's citizenship accordingly.

Specifically, Defendant GoDaddy.com alleges it is a citizen of Delaware and

[1] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

[2] In this court, the parties should cite relevant Eleventh Circuit authority when, as here, it is available.

Arizona because it

> is a wholly-owned subsidiary of Go Daddy Operating Company, LLC. Go Daddy Operating Company, LLC is a wholly-owned subsidiary of Desert Newco, LLC. Desert Newco, LLC's sole member is GoDaddy Inc. . . . . GoDaddy Inc. is a Delaware corporation with its principal place of business in Arizona, at 100 S. Mill Ave, Tempe, AZ 85281.

(Doc. No. 1 at 3.)

Defendant GoDaddy.com further alleges Plaintiff The Closing Agency, LLC, is a citizen of Alabama because "it . . . 'is a limited liability company organized under the laws of the State of Alabama, with its principal place of business in Tallapoosa County, Alabama.'" (*Id.* at 4 (quoting Doc. No. 1-2 at 2).)

By filing the notice of removal, Defendant GoDaddy.com elected to defend this action in this court. Therefore, Defendant GoDaddy.com bears the burden of establishing the existence of diversity jurisdiction. *Rolling Greens MHP, L.P., v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."). Place of incorporation, principal place of business, and the like are useless for establishing the existence of diversity of citizenship where a limited liability entity is concerned. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *See id*. Thus, to properly allege its citizenship, Defendant GoDaddy.com must name each of its members and state each

member's place of citizenship.[3] If any of its members is a limited liability entity, Defendant GoDaddy.com must identify and allege the citizenship of each member of that limited liability entity,[4] and so forth.

Furthermore, allegations of citizenship of a limited liability entity's owners will not be accepted. "[M]embership, not ownership, . . . is critical for determining the citizenship of an LLC." *Post v. Biomet, Inc.*, No. 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (collecting cases). "[T]he terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," but "these terms are not always interchangeable." *Id*. Hence, "the [c]ourt is unable to presume" allegations regarding limited liability ownership are sufficient to establish membership or, by extension, the existence of diversity jurisdiction. *Id*.

Accordingly, it is ORDERED as follows:

1. **On or before October 9, 2026,** Defendant GoDaddy.com shall show cause why this action should not be remanded for failure to establish diversity jurisdiction.

2. **On or before October 9, 2026,** Defendant GoDaddy.com shall file an amended notice of removal properly alleging diversity of citizenship.

***Failure to comply with this Order will result in remand for failure to establish the***

[3] For all natural persons, citizenship, not mere residency, must be alleged. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.").

[4] For a limited liability partnership, Defendant must identify each partner and allege the citizenship of each of them. *Rolling Greens*, 374 F.3d at 1022

***existence of subject matter jurisdiction.***

DONE this 5th day of October, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE